**Richard HABINIAK, Plaintiff,**

v.

**RENSSELAER CITY MUNICIPAL CORPORATION, Defendant.**

No. 95–CV–1602.

United States District Court,
N.D. New York.

May 15, 1998.

Richard Habiniak, Rensselaer, NY, pro se.

Office of Lee Greenstein, Albany, NY, for Defendant; Lee Greenstein, of counsel.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief District.

### I. Background

*Pro se* plaintiff Richard Habiniak commenced this action on November 13, 1995, asserting RICO and Fourteenth Amendment violations. According to Plaintiff, police officers from the Rensselaer City Police Department ("RCPD") arrested him and conducted a warrantless search of his home three months after a confidential informant for the RCPD purchased a small quantity of marijuana from Plaintiff's wife, Debra Habiniak. Plaintiff alleges that he was subsequently charged on three drug-related counts and one fireworks count. On November 28, 1989, Plaintiff entered a plea agreement pursuant to which he pled guilty to the charge of criminal possession of marijuana, and received a three-year probationary sentence and was ordered to pay a $1,000 fine; the remaining three charges were dismissed.

On September 5, 1991, the United States commenced a civil forfeiture action against Plaintiff's home in the District Court for the Northern District of New York. The Government alleged that on May 23, 1989, Plaintiff sold 6.82 grams of marijuana to a "cooperating individual" on Plaintiff's premises for $45.00, and that on August 29, 1989, a search of Plaintiff's property uncovered six ounces of marijuana packaged for sale, plastic baggies, a scale for weighing marijuana, and approximately $415.00 in currency. On the same day, the Government filed a notice of pendency with respect to Plaintiff's house, which apparently affected Plaintiff's ability to secure a loan. Pursuant to this Court's issuance of a Warrant of Seizure and Monition on February 7, 1992, the United States Marshal for the Northern District of New York seized Plaintiff's home and executed an "occupancy agreement" permitting Plaintiff to reside in the house pending final disposition of the forfeiture action.

On February 18, 1992, Defendant commenced an *In Rem* tax foreclosure action in state court pursuant to Article 11, Title 3 of New York's Real Property Tax Law. On April 19, 1993, the County Court of the County of Rensselaer, New York, conveyed title to the subject property from Plaintiff to Defendant. *See In the Matter of the Foreclosure of Tax Liens on Property in the City of Rensselaer, New York Pursuant to Article 11, Title 3 of the Real Property Tax Law by John J. Dwyer as City Treasurer and En-*

*forcing Officer of the City of Rensselaer by Action In Rem,* Judgment Index No. 176702, RJI # CC–0017–92 (April 19, 1993).

Seven days later, on April 27, this Court ruled that the value of the subject property, less the cost of government investigation and enforcement, was overwhelmingly disproportionate to the value of marijuana Plaintiff possessed or the appropriate criminal fine for Plaintiff's conduct; accordingly, the Court dismissed the Government's forfeiture action on Eighth Amendment grounds. *United States v. Real Property; 835 Seventh Street,* 820 F.Supp. 688 (N.D.N.Y.1993).

Plaintiff brought the present action challenging the tax foreclosure on due process grounds.

## II. Discussion

 Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law will determine what facts are material to the outcome of a case. *See Anderson,* 477 U.S. at 250, 106 S.Ct. 2505.

Initially, the moving party has the burden of informing the court of the basis of its motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party satisfies its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The Court must then resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party, however, must do more than simply show "that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. Only when the Court concludes that no rational finder of fact can find in favor of the non-moving party should summary judgment be

granted. *Gallo v. Prudential Residential Servs., Ltd.,* 22 F.3d 1219, 1223 (2d Cir.1994).

According to Plaintiff, he was deprived of his property without due process of law when the County Court of the County of Rensselaer, New York, conveyed title from Plaintiff to Defendant. The conveyance occurred on April 19, 1993—after the United States Marshal for the Northern District of New York seized the subject property on February 7, 1992, but before this Court dismissed the Government's forfeiture action on April 24, 1993. Plaintiff supports his assertion with cases in which courts have applied the rule, or variations on the rule, that a state court cannot interfere with a federal court's possession of property pending the outcome of a federal forfeiture action. *See, e.g., New York State Special Prosecutor v. United States Attorney for Southern District of New York,* 375 F.Supp. 797, 804 (S.D.N.Y.1974) ("[T]he court which first assumes control over the subject matter of litigation—be it persons or property—shall retain exclusive jurisdiction over it until it has exhausted its remedies.") The Supreme Court made one if its earliest and clearest pronouncements of the rule in *Covell v. Heyman,* 111 U.S. 176, 182, 4 S.Ct. 355, 28 L.Ed. 390 (1884):

> [State and federal courts] exercise jurisdiction … within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty. To attempt to seize it by a foreign process is futile and void.

*See also United States v. Stowell,* 133 U.S. 1, 16, 10 S.Ct. 244, 33 L.Ed. 555 (1890); *In re Tarble,* 13 Wall. 397, 80 U.S. 397, 407, 20 L.Ed. 597 (1871).

 None of these cases suggest, however, that if a court violates this prohibition, it thereby deprives the disenfranchised owner of rights guaranteed by the Due Process Clause of the Fourteenth Amendment. Comity, rather than due process, furnishes the reason behind the rule. *See Covell,* 111 U.S. at 182, 4 S.Ct. 355. Plaintiff has failed to explain how the County Court's conveyance, even if it invaded the sovereignty of

this Court, deprived him of property without due process or infringed any other constitutional right of his. Furthermore, Plaintiff fails to demonstrate how the County Court conveyance, apart from its apparent conflict with the rule of comity, violated his due process rights. As stated by the County Court, the conveyance occurred after the requisite publication of a notice of foreclosure, after the mailing of such notice to all of the affected property owners, and after twenty days had elapsed since the last date for redemption as stated in the notice without the affected property owners filing an answer. It thus appears, and Plaintiff does not contest, that he received notice and an opportunity to be heard prior to the County Court's conveyance of title and that he forewent his opportunity to try to prevent the foreclosure by informing the County Court of the pending federal forfeiture.

If Plaintiff is entitled to restitution because the County Court conveyed the subject property to Defendant during the pendency of a federal forfeiture action, he should seek restitution in New York State Court, rather than here. *See, e.g., Covell,* 111 U.S. at 179, 4 S.Ct. 355 (stating that if a state court process disturbs a federal court's custody of property, "any person, not a party to the suit or judgment, whose property has been wrongfully, but under color of process, taken and withheld, may prosecute, by ancillary proceedings, in the court whence the process issued, his remedy for restitution of the property or its proceeds").

As to Plaintiff's RICO allegations, a review of the record demonstrates that they are meritless.

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's Complaint is Dismissed in its entirety. The Clerk is ORDERED to close the file.

**SO ORDERED.**